**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MAUREEN D. BOZICEVICH,**                                              CIVIL NO. 05-390 PAM/AJB

        PLAINTIFF,

v.                                                                      **REPORT AND RECOMMENDATION ON**
                                                                        **PLAINTIFF'S MOTION FOR FEES UNDER**
                                                                       **THE EQUAL ACCESS TO JUSTICE ACT**

**JO ANNE B. BARNHART, COMMISSIONER OF**
**SOCIAL SECURITY,**

        DEFENDANT.

---

Jennifer G. Mrozik, Attorney for Plaintiff Maureen D. Bozicevich

Lonnie F. Bryan, Assistant United States Attorney for the Commissioner

---

**I.   INTRODUCTION**

This matter is before the court for a report and recommendation to the district court regarding plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA). [Docket No. 22.] *See* 28 U.S.C. § 2412(d). Plaintiff Maureen D. Bozicevich requests attorney fees in the amount of $4,950.00. The Commissioner of Social Security (Commissioner) opposes this request claiming that Bozicevich's motion should be denied because the Commissioner's position was substantially justified.

**II.   BACKGROUND**

Bozicevich brought this matter before the district court following the Commissioner's final decision denying disability by concluding that Bozicevich had the residual functional capacity to perform

her past relevant work.  Following a *de novo* review of the record, United States District Court Judge Paul A. Magnuson concluded that "the ALJ erred in discounting the opinions of treating physicians, discrediting Bozicevich's subjective complaints, and failing to consider Bozicevich's chronic fatigue, lack of balance, and memory and concentration impairments in the Residual Functional Capacity." (March 29, 2006 Order, Docket No. 20 at 15.)  The court concluded that the ALJ's conclusion of non-disability was not based on substantial evidence.  (*Id*.)  Accordingly, the district court granted in part Bozicevich's Motion for Summary Judgment, denied the Commissioner's Motion for Summary Judgment, and ordered that the matter be remanded to the Commissioner for further development in light of the court's findings.  (*Id*. at 15.)  Bozicevich has now filed a motion seeking to collect attorney fees under the EAJA.

**III.   DISCUSSION**

Under the EAJA, a prevailing party in any civil action against the United States, including judicial review of an agency action, shall be awarded attorney fees.  28 U.S.C. § 2412(d)(1)(A).  An award of attorney fees under the EAJA is unavailable, however, if the agency's actions were substantially justified  or "special circumstances make an award unjust."  *Id.*  "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact."  *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)) (internal quotation marks omitted).  The burden is on the Commissioner to demonstrate that the denial of disability insurance benefits actions was substantially justified.  *Lauer v. Barnahrt*, 321 F.3d 762, 764 (8th Cir. 2003).

Bozicevich argues that the Commissioner's position was not substantially justified because the

Commissioner ignored applicable rules and case law.  The Commissioner contends that Bozicevich's motion should be denied because the Commissioner's position to deny disability benefits has a reasonable basis in law and fact.  Here, the district court found that the ALJ erred by failing to give controlling weight to the opinions of the treating physicians, the ALJ erred when analyzing Bozicevich's subjective complaints and the ALJ erred in disregarding Bozicevich's complaints of fatigue, lack of balance, and impaired memory and concentration.  Thus, this court finds that, based on the findings and conclusions of the district court, the Commissioner's position had no reasonable basis in law or fact.

### III.   RECOMMENDATION

Accordingly, this court **recommends** that Bozicevich's Petition for Attorney Fees [Docket No. 22] be **granted** and, attorney fees in the amount of $4,930.00[1] be awarded.

Dated: August 7, 2006

                                          s/ Arthur J. Boylan
                                          Arthur J. Boylan
                                          United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **August 21, 2006**.

---

[1]   Bozicevich requests compensation for counsel's 34 compensable hours (31 for the presentation of the case to this court and 3 hours spent on the petition for fees) at an hourly rate of $145.00 per hour.  This results in a total compensation of $4,930.00.